IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KRISTOPHER MCGEE,

        Plaintiff,

                              Civil Action 2:20-cv-1625
   v.                         Judge Michael H. Watson
                              Magistrate Judge Kimberly A. Jolson

SUCIU, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment. (Doc. 7). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED**.

The Undersigned granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* on April 1, 2020, and directed the United States Marshal to effect service by certified mail. (Doc. 2). On May 12, 2020, Plaintiff filed a "Declaration for Entry of Default." (Doc. 5). Because the docket did not reflect executed service on any Defendant, the Clerk did not enter default. On June 24, 2020, when the docket still did not reflect that Defendants had been served, the Clerk prepared another service packet and resent it to the United States Marshal for service. Shortly thereafter, on July 13, 2020, summons were returned executed as to Defendants David Suciu, Erin Fuller, and Nurse Brown, making their answers due by July 23, 2020. On July 17, 2020, Plaintiff filed a Motion for Default Judgment. (Doc. 7). Defendants timely filed their answers on July 22 and July 23, 2020. (*See* Docs. 8, 10). The Undersigned issued a scheduling order on July 23, 2020. (Doc. 12).

As Defendants note in their responses to Plaintiff's Motion, (*see* Docs. 9, 11), under Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Defendants' 21-day timeframe within

1

which to respond to the Complaint did not begin until they were served on July 2, 2020. Defendants, therefore, had until July 23, 2020, to respond to Plaintiff's Complaint, and they timely did so on July 22 and July 23, 2020.  (*See* Docs. 8, 10).  Accordingly, because Defendants timely responded to Plaintiff's Complaint, they are not in default, and it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment (Doc. 7) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: July 28, 2020                         /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE