UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kristopher McGee,

    Plaintiff,

    v.

David Suciu, *et al.*,

    Defendants.

Case No. 2:20-cv-1625

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Kristopher McGee ("Plaintiff") and David Suciu ("Suciu"), Erin Fuller ("Fuller"), and Nurse Brown ("Nurse Brown," together with Plaintiff, "Defendants") move for summary judgment in this prisoner civil rights case. Mot. Summ. J., ECF No. 18; Mot. Summ. J. ECF No. 33. Plaintiff also moves for appointment of counsel and to strike Fuller's partial objection to the Magistrate Judge's Report and Recommendation. Mot. Appoint, ECF No. 43; Mot. Strike, ECF No. 52. For the following reasons, the Court **OVERRULES** all objections and **ADOPTS** the R&R.

### I.    FACTS[1]

Plaintiff is an inmate incarcerated by the Ohio Department of Rehabilitation and Correction and was, at all times relevant to the events at issue, incarcerated at the Muskingum County Jail. Compl. ¶ 3, ECF No. 3. Suciu was a Captain at

---

[1] The following facts are taken from Plaintiff's Complaint, and disputed facts are either noted here or in the analysis section.

the Muskingum County Jail during Plaintiff's period of incarceration. *Id.* ¶ 4. Fuller was a Corrections Officer at the Muskingum County Jail. *Id.* ¶ 5. Nurse Brown was a nurse at the Muskingum County Jail. *Id.* ¶ 6. Plaintiff sues Defendants only in their individual capacities. *Id.* ¶ 7.

Plaintiff alleges that he was booked into the Muskingum County Jail on August 12, 2018, at around 2:30 a.m. and was suffering from opiate withdrawal at that time. *Id.* ¶ 8. Plaintiff further alleges that he informed unnamed jail staff during the booking process that he was suffering from withdrawal and that he needed his prescription medication, Zoloft, to stabilize his mental health. *Id.* He was then placed in a holding cell and lost consciousness. *Id.*

At 5:00 a.m., Plaintiff was awoken for breakfast. *Id.* ¶ 9. Plaintiff felt terrible and believed from prior experiences that his withdrawal symptoms would continue to worsen, so he requested to be seen by the medical staff but was told that medical staff was too busy to see him. *Id.* From 5:00 a.m. until 9:00 a.m., Plaintiff continued to plead for medical attention. *Id.*

Plaintiff was eventually moved into a single cell and, thereafter, he requested permission to make a telephone call. *Id.* ¶ 10. While standing at the telephone, Plaintiff grabbed a passing corrections officer and began shouting angry demands that jail staff help him. *Id.* ¶ 11.

Additional corrections officers rushed over to assist, placed Plaintiff in handcuffs, and tried to force him back into his cell, but he resisted. *Id.* ¶ 12. Thus, the corrections officers placed Plaintiff into a restraint chair. *Id.* For the

next ten minutes, Plaintiff remained in the restraint chair, rocking back and forth and yelling. *Id.* After about ten minutes, however, he calmed down and explained to Deputy Saxton (not a defendant) that Plaintiff simply wanted medical attention. *Id.*

While conversing with Deputy Saxton, Plaintiff noticed Fuller was talking on the phone to Suciu. *Id.* ¶ 13. After Fuller's phone conversation ended, Nurse Brown approached Plaintiff and, over his objection, injected Plaintiff with both Ativan and Haldol (anti-psychotic medications). *Id.* The medications immediately rendered Plaintiff "unable to think, speak or even hold [his] head up for long." *Id.* ¶ 14. Nonetheless, Plaintiff was kept in the restraint chair for an additional twenty-four hours, during which time he continued to suffer from opiate withdrawal and was forced to urinate and defecate on himself. *Id.* ¶ 15.

Plaintiff sues Suciu, Fuller, and Nurse Brown for excessive force and deliberate indifference to serious medical need.

## II. PROCEDURAL HISTORY

Magistrate Judge Jolson, to whom this case was referred, issued a Report and Recommendation ("R&R") on the pending cross motions for summary judgment. R&R, ECF No. 42. The R&R recommends denying Plaintiff's motion for summary judgment, ECF No. 18, and granting in part and denying in part Defendant Suciu's and Fuller's motion for summary judgment, ECF No. 33. R&R, ECF No. 42.

Specifically, the R&R concludes that Plaintiff failed to exhaust his administrative remedies vis-à-vis his claims against Suciu and Fuller. *Id.* at 6.

Additionally, the R&R concludes that Plaintiff's claims against Suciu should be dismissed with prejudice because there is no evidence Suciu had any personal involvement in the events at issue such that Plaintiff's claim against Suciu fails on the merits. *Id.* at 8.

The R&R further concludes that Plaintiff's claims against Fuller based on the administration of medication and the initial placement of Plaintiff into the restraint chair should be dismissed with prejudice as failing on the merits. *Id.* at 10–13.

Contrariwise, the R&R concluded that Plaintiff's claim against Fuller based on her actions in maintaining the restraints throughout the entire duration of her shift should be dismissed without prejudice. *Id.* at 13–14.

Finally, the R&R recommended denying Plaintiff's motion for summary judgment on his claim against Nurse Brown. *Id.* at 15–16. Nurse Brown did not move for summary judgment.

The R&R notified the parties of their right to object to the same and that the failure to timely object would result both in the waiver of a right to *de novo* review by the Undersigned and a right to appeal the Undersigned's adoption of the R&R. *Id.* at 19. The timeline for objecting was stayed while the parties pursued mediation but is now complete.

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b), the Court must determine *de novo* any part of the Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.* Conversely, if any party fails to timely object to a part of the R&R, any such objection is waived.

## IV. ANALYSIS

### A. Plaintiff's Objections

Plaintiff first objects to the R&R's conclusion that he failed to exhaust his administrative remedies. Obj. 1–2, ECF No. 46. In support, Plaintiff relies on his response to Suciu's and Fuller's summary judgment motion, ECF No. 37, argues that he lacked access to paper and writing utensils and therefore could not file a grievance on August 12, 2018, and speculates that Defendants may have failed to notify the Court of Plaintiff's grievances. Obj. 1–2, ECF No. 46.

On *de novo* review, the Court agrees with the R&R's conclusion that Plaintiff failed to exhaust his administrative remedies. As a preliminary matter, the Court notes that Plaintiff's unsworn statements in his objections that he lacked access to paper and writing utensils are not evidence. Similarly, Plaintiff offers no evidence to support his accusation that Suciu lied in his declaration and failed to produce the grievances Plaintiff filed.

Moreover, the Court agrees that the evidence Plaintiff submitted in his response to Suciu's and Fuller's motion for summary judgment, ECF No. 37, fails to raise a genuine dispute of material fact as to exhaustion of remedies. On summary judgment, Suciu averred that Plaintiff never filed a grievance regarding either his forced medication or being placed in the restraint chair. Suciu Decl. ¶¶ 12–13, ECF No. 33-1. The only relevant evidence Plaintiff offered to rebut that declaration is a hearsay document that appears to be an email Plaintiff sent after the lawsuit was filed. See Resp., ECF No. 37 at PAGEID ## 285–87. For the reasons stated in the R&R, that email, which does not even purport to be a statement made under oath, is alone insufficient to raise a genuine dispute of material fact about whether Plaintiff exhausted his administrative remedies or was prevented from doing so.

Second, Plaintiff objects that the R&R's recommendation of dismissing certain claims with prejudice (instead of entirely without prejudice due to Plaintiff's failure to exhaust administrative remedies) placed him in a weak bargaining position for purposes of mediation.

The Court rejects this objection out of hand as it raises no actual error with the R&R.

Third, Plaintiff contends he is entitled to summary judgment on his claim against Nurse Brown. Obj. 2–3, ECF No. 46.

Upon *de novo* review, the Court agrees with Magistrate Judge Jolson's recommendation. There exists evidence in the record from which a reasonable

juror could conclude that it was not unconstitutional for Nurse Brown to forcibly administer sedatives to Plaintiff—namely, undisputed video evidence that, prior to the administration of the medication, Plaintiff assaulted and attempted to take hostage a corrections officer, resisted attempts to be placed back in his cell, and continued to violently thrash about even after being placed in the restraint chair. Video 1 at 4:22, 9:00, 10:20; Video 2 between 2:20 and 4:16, between 7:00 and 8:30, 11:30; Video 3 at 2:22; Finley Stmt., ECF No. 37 at PAGEID # 302–03. This evidence is sufficient to create a genuine issue of material fact as to the constitutionality of Nurse Brown's administration of medication.

Finally, Plaintiff objects that his deliberate indifference and excessive force claims against Fuller should proceed. Obj. 3–4, ECF No. 46. Notably, Plaintiff does not argue that his claims against Fuller based on the administration of medication or initial placement in the restraint chair should survive summary judgment. *See id.* Rather, he focuses on his claim "of inhumane treatment following restraint," which the R&R recommended dismissing only without prejudice. Accordingly, the Court rejects this objection as moot.

Because Plaintiff did not object to the R&R's conclusions regarding Suciu's lack of personal involvement in any of the actions at issue, Fuller's personal involvement in the administration of medication, or the reasonableness of Fuller's initial placement of Plaintiff in the restraint chair, the Court **ADOPTS** the R&R's recommendation to **DISMISS** those claims **WITH PREJUDICE**.

## B. Fuller's Objections

Fuller objects only to that portion of the R&R that recommends dismissing without prejudice Plaintiff's excessive force claim based on the continued placement of Plaintiff in the restraint chair. Obj., ECF No. 51. In Fuller's view, Magistrate Judge Jolson should have found that she was entitled to qualified immunity and, therefore, dismissed Plaintiff's excessive force claim *with* prejudice. *Id.* In the alternative, Fuller argues that her actions did not violate the Constitution. *Id.*

The Court declines to consider this objection at this time. As outlined above, this claim must be dismissed due to Plaintiff's failure to properly exhaust administrative remedies. It is not at all clear that Plaintiff will be able to properly exhaust his administrative remedies and re-file suit, especially given the strict exhaustion requirements of the PLRA. *See Woodford v. Ngo*, 548 U.S. 81 (2006). Because it is possible—or even likely—that Plaintiff will be unable to re-file this claim, it is equally possible, or likely, that resolution of Fuller's arguments is unnecessary. Accordingly, Fuller's objection is **OVERRULED WITHOUT PREJUDICE**. Should Plaintiff successfully re-file, Fuller may also re-raise her objection.

## C. Plaintiff's Motion for Appointment of Counsel and to Strike Fuller's Partial Objection

Plaintiff's motion to appoint counsel for purposes of mediation, ECF No. 43, is **DENIED AS MOOT**.

Plaintiff's motion to strike Fuller's objection, ECF No. 52, is more appropriately construed as a response to Fuller's objection, and the request to strike the objection is **DENIED**.

## V.     CONCLUSION

For the following reasons, Plaintiff's claims against Suciu are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Fuller based on the administration of medication or the initial placement in the restraint chair are also **DISMISSED WITH PREJUDICE**. Plaintiff's excessive force claim against Fuller for leaving him in the restraint chair is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Plaintiff's claims against Nurse Brown will be addressed in a separate order.

**IT IS SO ORDERED.**

*[signature]*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**