IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KRISTOPHER MCGEE,

        **Plaintiff,**

                                  **Civil Action 2:20-cv-1625**
    **v.**                          **Judge Michael H. Watson**
                                  **Magistrate Judge Kimberly A. Jolson**

DAVID SUCIU, et al.,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Nurse Brown's Motion for Leave to File a Motion for Summary Judgment. (Doc. 54).  For the following reasons, Defendant's Motion is **GRANTED**.  Defendant may file a motion for summary judgment on or before **October 28, 2021**.

## I.    BACKGROUND

Plaintiff's claim is brought under 42 U.S.C. § 1983.  (Doc. 3, ¶ 1).  He asserts that his constitutional rights were violated during an incident at the Muskingum County Jail in which he was administered sedatives and kept in a restraining chair for nearly twenty-four hours.  (*Id.* at ¶¶ 8, 13–15).  Two Defendants, David Suciu and Erin Fuller, previously moved for summary judgment (Doc. 33), which was granted in part and denied in part by the Court (Doc. 56).  The remaining Defendant, Nurse Brown, failed to move for summary judgment by the February 22, 2021 dispositive motion deadline.  (Doc. 12).

Now, Nurse Brown seeks leave to file a motion for summary judgment out of time. (Doc. 54).  Plaintiff was initially given until September 17, 2021 to respond to Nurse Brown's motion. (Doc. 55).  Plaintiff then requested an extension of time to file his response (Doc. 57), which was

granted (Doc. 58).  However, the extended deadline of October 12, 2021 has passed without response from Plaintiff.  Accordingly, Defendant's Motion is now ripe for review.

## II.    DISCUSSION

Defendant requests the Court grant her leave to file a dispositive motion.  (Doc. 54).  As detailed above, the deadline for filing dispositive motions was February 22, 2021.  (Doc. 12). Defendant represents she missed the deadline due to a series of developments in the case.  (Doc. 54 at 2–4).  Now, she asks the Court to extend the deadline so she may file a motion for summary judgement.  (*Id*. at 3–4).  Plaintiff failed to respond to Defendant's Motion, and in his own Motion for Extension of Time to File a Response, merely argued that summary judgment should fail on the merits—which is not at issue now—and that Defendant should not be allowed to join interested party Dr. Khoury to the action—which she does not seek to do.  (Doc. 57).

At base, Defendant's Motion is a request for modification of the scheduling order.  The appropriate standard for reviewing such motions is contained in Federal Rule of Civil Procedure 16(b)(4).  Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also Kirby v. Diversified Fabrications, Inc.*, No. 1:08-CV-83, 2010 WL 11520004 (E.D. Tenn. Mar. 26, 2010).  The moving party must show "that despite their diligence they could not meet the original deadline."  *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003).

Defendant asserts that good cause and diligence exist here.  On February 9, 2021, shortly before the dispositive motion deadline, the Court ordered Plaintiff to file a proposed amended complaint including specific factual allegations against Dr. Khoury.  (Doc. 32).  Plaintiff had previously moved to amend his complaint to add Dr. Khoury, whom Nurse Brown identified as an interested party in her Answer (*see* Doc. 10), as a Defendant to the case.  (Doc. 27).  The Court

2

planned to consider the proposed amended complaint in conjunction with the motion to amend, but the proposed amended complaint was not filed.  Nurse Brown represents that, at this time, she declined to file a dispositive motion because she believed it would be rendered moot if Plaintiff was granted leave to amend.  (Doc. 54 at 3).

After the dispositive motion deadline passed, Plaintiff filed a notice with the Court representing that he no longer sought to join Dr. Khoury as a Defendant (Doc. 34-1 at 1), and his motion to amend was denied as moot (Doc. 35).  Plaintiff nonetheless filed an amended complaint on March 1, 2021 (Doc. 36), which Nurse Brown and the other Defendants moved to strike (Doc. 38).  When that motion to strike was granted by this Court, the parties were referred to mediation. (Doc. 42).  Nurse Brown represents that while she litigated the motion to strike and participated in mediation, she felt it would be "inappropriate to ask this Court permission to file a dispositive motion . . . ."  (Doc. 54 at 4).

In other words, it appears the contemplated and actual changes in the progress of this litigation, not a lack of diligence, led to Nurse Brown's delay in filing a dispositive motion.  The above timeline, and Nurse Brown's representations in her Motion, demonstrate good cause for allowing modification of the scheduling order.

## III.    CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**.  Defendant may file a motion for summary judgment on or before **October 28, 2021**.

IT IS SO ORDERED.


Date: October 20, 2021                              /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE

3