IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KRISTOPHER MCGEE,

      Plaintiff,                             Case No. 2:20-cv-1625
v.                                            Judge Michael H. Watson
                                                Magistrate Judge Kimberly A. Jolson
DAVID SUCIU, et al.,

      Defendants.

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Nurse Kimberly Brown's Motion for Summary Judgment (Doc. 62). Also before the Court are Plaintiff's opposition to the Order granting Nurse Brown leave to file a motion for summary judgment, (Doc. 61), and Plaintiff's Motion for Leave for an Amended Pretrial Order, Supplemental Evidence, and Response in Opposition to Defendant Nurse Brown's Motion for Summary Judgment (Doc. 63). For the reasons that follow, the Undersigned **RECOMMENDS GRANTING in part** Defendant Nurse Brown's Motion for Summary Judgment (Doc. 61). Additionally, Plaintiff's motion (Doc. 63) is **DENIED as moot**.

    **I.   BACKGROUND**

The Undersigned set forth the factual background of this case in the Report and Recommendations issued June 7, 2021 (Doc. 42). Around 2:30 a.m. on August 12, 2018, Plaintiff Kristopher McGee was booked into the Muskingum County Jail. (Complaint, Doc. 3 at PageID # 33). About five hours later, at 7:00 a.m., Deputy Erin Fuller reported for duty (Fuller Decl., Doc. 23-1, ¶ 3, PageID # 133), joining her colleagues Deputy Tyler Finley and Officer Stacey Lynn.

1

(*Id*. at ¶ 4, Page ID # 133).  Because the previous shift reported that Plaintiff may be withdrawing from heroin and fentanyl (*Id*. at ¶ 5, PageID # 133), Defendant Fuller asked the jail nurse to assess Plaintiff as soon as she completed administering medications to other inmates.  (*Id*. at ¶ 9, PageID # 133).  Defendant Fuller explained to Plaintiff that the nurse would see him as soon as medication pass was complete.  (*Id*. at ¶ 8, PageID # 133).

At approximately 8:30 a.m., Defendant Brown, the jail nurse, evaluated Plaintiff.  (*Id*. at ¶ 10, PageID # 134).  Nurse Brown reported to Defendant Fuller that Plaintiff's vitals were good and that she was going to consult with the jail physician to determine next steps.  (*Id*. at ¶ 11, PageID # 134).  Meanwhile, Defendant Fuller provided Plaintiff with a cold wet washcloth and apple juice.  (*Id*. at ¶ 12, PageID # 134).  She says she did this to keep Plaintiff comfortable and hydrated until Nurse Brown received further instructions.  (*Id*.).

A short time later, Plaintiff asked to use the telephone.  (*Id*. at ¶ 13, PageID # 134).  Because Plaintiff seemed calm and polite, Defendant Finley acquiesced.  (*Id*.).  At 9:12 a.m., Deputy Finley let Plaintiff out of his cell to use the phone.  (*Id*. at ¶ 14, PageID # 134).  Officer Lynn then arrived at the booking area with two female inmate kitchen workers.  (*Id*. at ¶ 15, PageID # 134).

Two minutes later, Officer Lynn walked near the phone where Plaintiff was located.  (*Id*. ¶¶ 15, 17, PageID # 134, Video 1 at 4:22, Video 2 at 2:20, Video 3 at 2:22).  Plaintiff quickly dropped the phone and grabbed Officer Lynn around her neck.  (*Id*.).  While holding onto Officer Lynn, Plaintiff demanded to be released from custody.  Defendant Fuller told Plaintiff that he would not be released.  (*Id*. at ¶¶ 17–18, PageID # 134–35).  Defendant Fuller yelled for Plaintiff to release Officer Lynn multiple times, before drawing her taser.  (*Id*. at ¶ 18, PageID # 135).  Plaintiff began backing up while continuing to hold Officer Lynn around the neck.  (*Id*., Video 3 at 2:22– 3:33).  Finally, Plaintiff released Officer Lynn, and Defendant Fuller did not have to use

2

her taser. (*Id*.). Officer Lynn was injured from the assault and, ultimately, had to be transported to the hospital. (*Id*. at ¶¶ 25, 28, PageID # 135–36, Exhibit 2, Report of Injury or Accident).

At this point, Deputy Finley and Officer Lynn handcuffed Plaintiff. (*Id*. at ¶ 19, PageID # 135, Video 3 at 2:22–3:33). Deputy Finley and Defendant Fuller then escorted Plaintiff to his cell at 9:15 a.m. (*Id*. at ¶ 20, PageID # 135). Plaintiff refused and, as the video shows, struggled with Defendant Fuller. (*Id*.; see also Video 1 at 5:50 and Video 2 at 3:40–3:50 when Deputy Finley runs back to try and help Defendant Fuller). At that point, Defendant Fuller asked Deputy Finely to get the restraint chair while she held onto Plaintiff. (*Id*. at ¶ 21, PageID # 135).

A minute later, Deputy Yester arrived and assisted Deputy Finley and Defendant Fuller in securing Plaintiff in the restraint chair. (*Id*. at ¶ 22, PageID # 135, Video 2 at 4:20). Once in the chair, Plaintiff began rocking violently and banging his head off the back of the chair. (*Id*. at ¶ 23, PageID # 135, Video 1 between 9:00 and 10:20; Video 2 between 7:00 and 8:30). The deputies attempted to place a helmet on Plaintiff's head, but, as the video shows, Plaintiff continued to thrash about, and the helmet would not stay in place. (*Id*.).

At 10:10 a.m., Defendant Nurse Brown—based on the orders of the jail physician—administered sedatives to Plaintiff. (*Id*. at ¶ 29, PageID # 136; Jail Medical Records, Exs. 2, PageID # 140, 159). The Log shows that Plaintiff was released from the chair at times, given water, permitted to stretch, received medical care, and allowed to shower. (*Id*. at PageID # 181–86).

Subsequently, Plaintiff filed this lawsuit. In brief, he claims his constitutional rights were violated because Defendants forced him to take sedatives and placed and kept him in a restraint chair for nearly 24 hours. (Doc. 3, ¶ 13–15, PageID # 34). He also claims that the medical treatment he received while restrained was inadequate. (*Id*., ¶ 16). After surviving the initial

3

screening process under 28 U.S.C. §§ 1915(e) and 1915(A), the case proceeded. Discovery progressed, and Plaintiff filed a Motion for Summary Judgment (Doc. 18), which was denied. (Doc. 56). Two Defendants, David Suciu and Erin Fuller, moved for summary judgment, (Doc. 33), which was granted in part and denied in part by the Court. (Doc. 56). Specifically, Plaintiff's claims against Defendant Suciu were dismissed with prejudice, Plaintiff's claims against Defendant Fuller based on the administration of medication or the initial placement in the restraint chair were dismissed with prejudice, and Plaintiff's excessive force claim against Defendant Fuller for leaving him in the restraint chair was dismissed without prejudice for failure to exhaust administrative remedies. (*Id*.) Nurse Brown is the only remaining Defendant.

On October 21, 2021, the Undersigned granted Defendant Brown's Motion for Leave to File a Motion for Summary Judgment. (Doc. 60). Plaintiff filed a response opposing that Order on October 28, 2021. (Doc. 61). Also on October 28, 2021, Defendant Brown filed a Motion for Summary Judgment. (Doc. 62). Subsequently, Plaintiff filed a response in opposition to Defendant Brown's motion for summary judgment, as well as a motion for an amended pretrial order and for consideration of supplemental evidence. (Doc. 63). The matter is now ripe for review.

## II. DEFENDANT NURSE BROWN'S MOTION FOR SUMMARY JUDGMENT

Defendant Nurse Brown has moved for relief on multiple grounds. (Doc. 62.)

**A. Exhaustion**

Defendant Brown seeks dispositive relief because she alleges that Plaintiff failed to exhaust his administrative remedies. (Doc. 62, PageID # 440-41). Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a);

4

*Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *see also Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006). The "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016). Proper exhaustion demands that a prisoner "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Plaintiff is currently incarcerated, and he was incarcerated when this lawsuit was filed. (Complaint, Doc. 3, ¶ 3, PageID # 29, 33). So the exhaustion requirements of the PLRA apply. (Suciu Supp. Decl., Doc. 33-1, ¶¶ 4–6, PageID # 237, Exhibits 1 and 2, PageID # 240–48). In his response, Plaintiff does not specifically address Defendant Brown's exhaustion argument. Instead, Plaintiff attaches a copy of his Amended Pretrial Order, filed October 6, 2021, (Doc. 59), wherein he posits: "If we look at this matter and ask ourselves, can someone struggling with mental health issues and addiction properly comply with strict PLRA standards in real time as they are fighting for their mind body and soul." (Doc. 61-1, PageID # 432). Plaintiff's suggestion that he was unable to comply with the administrate review process is belied by the record. The record shows that Plaintiff was aware of the grievance process, because he filed a grievance on an unrelated issue. (Suciu Supp. Decl., Doc. 33-1, ¶11, PageID # 239, Exhibit 3, PageID # 249–50). Yet, Plaintiff never started or completed the administrative review process regarding any issue in this case (use of the restraint chair or administration of medication). (*Id*. at ¶¶ 12–13, PageID # 239).

Previously, and in connection with the Suciu and Fuller Motions for Summary Judgment, Plaintiff claimed he filled out a single unspecified grievance, but it was never addressed. (Resp. in Opp., Doc. 37, PageID # 286). Unfortunately for Plaintiff, this representation is not enough.

Plaintiff's self-serving and vague assertions of exhaustion are not sufficient to create a material issue of fact. Time and again, courts have come to this conclusion.

For example, in *Sumser v. Lykins*, the plaintiff claimed he was raped by a jail corrections officer. Like the Defendants in this case, the defendants in *Sumser* produced evidence of the jail's grievance policy and the absence of any grievance related to the alleged rape. *Id*. at **9–10. Like Plaintiff in this case, the plaintiff in *Sumser* responded with "self-serving statements . . . that he did file several grievances about the incidents alleged in his complaint and personally gave them to [the jailer] and that he further personally told [the jailer] about the incidents." *Id*. at *4. And those unsupported assertions were insufficient to create a genuine issue of material fact concerning PLRA exhaustion. *Id*. at **10–16.

Other courts have ruled similarly. *See*, *e.g.*, *Scott v. Kastner-Smith*, 298 F. Supp. 3d 545, 555 (W.D.N.Y. 2018) ("[C]ourts have consistently held . . . that an inmate's general claim that his grievance was lost or destroyed does not excuse the exhaustion requirement."); *Engles v. Jones*, No. 13-CV-6461, 2018 WL 6832085, at *10 (W.D.N.Y. Dec. 28, 2018) (granting summary judgment to defendants for failure to exhaust where there was no record of plaintiff filing his grievance, and plaintiff merely alleged, without any documentary support, that his grievance was lost or destroyed); *Jackson v. Baca*, No. CV12-10393-JLS JEM, 2018 WL 1916307, at *6 (C.D. Cal. Feb. 13, 2018), , No. CV12-10393 JLS JEM, 2018 WL 1918497 (C.D. Cal. Apr. 18, 2018) ("Plaintiff's assertions that he gave a deputy an inmate complaint form and then never heard anything again are simply too vague and inconclusive to create a genuine issue regarding exhaustion or the availability of administrative remedies."); *Rodgers v. Reynaga*, No. CV 1-06-1083-JAT, 2009 WL 2985731, at *3 (E.D. Cal. Sept. 16, 2009), *aff'd*, 393 F. App'x 447 (9th Cir. 2010) ("To grant Plaintiff an exception to PLRA's demand for exhaustion based solely on

Plaintiff's self-serving testimony that his grievance was surreptitiously destroyed by prison officials would completely undermine the rule."); *Hendon v. Baroya*, No.1:05- CV-00838, 2007 WL 3034263, at *3 (E.D. Cal. Oct. 16, 2007), *report and recommendation adopted*, No. 1:05-CV-00838-OWW-SMS-PC, 2008 WL 482868 (E.D. Cal. Feb. 20, 2008), *aff'd*, 320 F. App'x 717 (9th Cir. 2009) ("The vague assertion that grievances were filed is insufficient to make the requisite showing that exhaustion either occurred or was excused due to some form of conduct on the part of prison officials which prevented plaintiff from properly utilizing the appeals process.").

Because Plaintiff failed to comply with the PLRA's exhaustion requirement, his Complaint against Defendant Nurse Brown must be dismissed without prejudice.

**B. Merits**

Although exhaustion requires dismissal, that dismissal is without prejudice. Seeking broader relief, Defendant Brown argues that she is entitled to summary judgment on the merits of Plaintiff's claim, and the claims against her should be dismissed with prejudice. In the Court's prior Order adopting the Report and Recommendations as to Defendants Fuller and Suciu, the Court declined to reach the merits of Plaintiff's excessive force claim against Defendant Fuller:

> As outlined above, this claim must be dismissed due to Plaintiff's failure to properly exhaust administrative remedies. It is not at all clear that Plaintiff will be able to properly exhaust administrative remedies and re-file suit, especially given the strict exhaustion requirements of the PLRA. *See Woodford v. Ngo*, 548 U.S. 81 (2006). Because it is possible—or even likely—that Plaintiff will be unable to re-file this claim, it is equally possible, or likely, that resolution of [the merits] is unnecessary.

(Doc. 56 at PageID # 409).

Consistent with this prior determination, the Undersigned does not reach the merits of the claims against Nurse Brown. Instead, as addressed above, it is recommended that Plaintiff's claims against Nurse Brown be dismissed without prejudice for failure to exhaust.

### C. Plaintiff's Leave for Amended Pretrial Order

In Plaintiff's opposition to Defendant Brown's motion for summary judgment, Plaintiff appears to seek leave to amend his complaint against Defendant Brown by "adjusting" the damages sought. (Doc. 63 at PageID # 445). Because the Undersigned **RECOMMENDS** that Defendant Brown's motion for summary judgment be **GRANTED in part** based on Plaintiff's failure to exhaust, Plaintiff's motion is **MOOT**.

### III. CONCLUSION

In sum, it is **RECOMMENDED** that Defendant Brown's Motion for Summary Judgment (Doc. 62) be **GRANTED in part** based on Plaintiff's failure to exhaust administrative remedies. It is therefore **RECOMMENDED** that all claims against Defendant Brown be **DISMISSED without prejudice**. Plaintiff's motion for Leave for Amended Pretrial Order (Doc. 63) is **DENIED as moot.**

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

Date:  December 21, 2021  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE